IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DR. GERALD H. BEMIS, SR.,
*individually and as the representative
of a class of similarly-situated persons,*

Plaintiff,

v.                                      Case No. 15-CV-1330-DRH-DGW

PROGRESSIVE BUSINESS FUNDING, INC.,
11TH HOUR INVESTMENTS, INC., and
JOHN DOES 1-12,

Defendants.

## ORDER

**HERNDON, District Judge:**

This matter comes before the Court for case management. On September 16, 2016, Plaintiff Gerald H Bemis, Sr. filed a motion for default judgment (Doc. 24). The Court denied the motion based on plaintiff's failure to file a status memorandum, per the Court's prior order (Doc. 22), regarding how plaintiff intends to proceed with this action and whether putative class counsel has ever represented a class wherein the defendant was in a default status (Doc. 25). Thereafter, on October 17, 2016, plaintiff filed a status report (Doc. 26). However, following the filing of said report, the plaintiff has failed to further prosecute this case.

Therefore, on February 8, 2017, the Court entered an order directing plaintiff to take some action to advance the prosecution of this case no later than March 8, 2017, or face dismissal (Doc. 29). As of this date, no action has been

taken. As a result of plaintiff's failure to advance the prosecution of this case, the Court finds that dismissal is warranted. The Seventh Circuit Court of Appeals has found:

> A party's willful failure to prosecute an action can be an appropriate basis for dismissal. *See, e.g., Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir.2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d1015, 1018 (7th Cir. 2000); *Williams v. Chi. Bd. of Educ.*, 155 F.3d853, 857 (7th Cir. 1998). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because [t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *GCIU Employer Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198B99 (7th Cir. 1993)(quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). Factors relevant to a court's decision to dismiss for failure to prosecute include the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. *Bolt*, 227 F.3d at 856; *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 769B70 (7th Cir. 1997).

*In re Nora*, 417 Fed.Appx. 573, 575 (7th Cir. 2011).

Accordingly, the Court **DISMISSES without prejudice** plaintiff cause of action for failure to prosecute. The Clerk of the Court is **DIRECTED** to close the file.

**IT IS SO ORDERED.**

Signed this 14th day of March, 2017.

Judge Herndon
2017.03.14
07:30:12 -05'00'

**United States District Judge**